UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DETRIA CARTER,<br>    *Plaintiff,*<br><br>    v.<br><br>WARDEN, FPC DANBURY,<br>    *Defendant.* | No. 3:24-cv-1554 (VAB) |

**ORDER**

Detria Carter ("Petitioner") is an individual who, at the time of filing, was an inmate at a satellite camp of FCI Danbury located in Danbury, Connecticut.

On September 26, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against the Warden of FPC Danbury ("Respondent"), challenging the calculation of her First Step Act time credits and requesting release or transfer to a halfway house. Petition for Writ of Habeas Corpus, ECF No. 1 (Sept. 26, 2024) ("Petition").

Respondent has filed a response to the Court's Order to Show Cause, arguing for dismissal of this action. Response, ECF No. 9 (Apr. 17, 2025) ("Response").

While the petition for writ of habeas corpus was pending, Ms. Carter was granted executive clemency and her sentence was commuted to expire on May 16, 2025. Response at 2; *see also* Executive Grant of Clemency at 17‑19, ECF No. 757, No. 5:17-cr-0113 (S.D.W. Va. Jan. 24, 2025) ("Grant of Clemency").

For the reasons below, this Petition is **DISMISSED** as moot.

I. **BACKGROUND**

On September 26, 2024, Ms. Carter filed a habeas petition under § 2241. Petition. At the time of filing, Ms. Carter had been serving a 151-month sentence at a satellite camp of FCI Danbury, under a criminal judgment from the United States District Court for the Southern District of West Virginia. Response at 1.

On October 10, 2024, the Court issued an Order to Show Cause as to why the relief requested by Ms. Carter should not be granted. Order to Show Cause, ECF No. 6 (Oct. 10, 2024).

On January 17, 2025, President Joe Biden issued an executive grant of clemency, commuting Ms. Carter's sentence to expire on May 16, 2025, and "leav[ing] intact and in effect the term of supervised release." Grant of Clemency at 17.

On April 17, 2025, Respondent filed a response to the Court's Order to Show Cause arguing that "(1) the petitioner's sentence credits under the First Step Act (the 'FSA') are being properly calculated and may not yet be applied; and (2) the BOP already has placed the petitioner in community confinement under the Second Chance Act (the 'SCA'), so that aspect of the relief requested is moot." Response at 1.

II. **DISCUSSION**

A writ of habeas corpus "is directed to, and served upon, not the person confined, but his jailer. . . . [T]he court releases [the petitioner] by compelling the oppressor to release his constraint." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973). "As a result, '[t]he question whether [a district court] has jurisdiction over [a] habeas petition breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does [the district court] have jurisdiction over him or her?" *Dailey v. Pullen*, No. 3:22-

CV-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).

"A basic tenet of federal jurisdiction is that when a court is presented with issues that 'are no longer "live"' or when the parties 'lack a cognizable interest in the outcome,' the case is moot and therefore outside the court's jurisdictional authority." *R.C. Bigelow Inc. v. Unilever N.V.*, 867 F.2d 102, 105 (2d Cir. 1989) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of habeas corpus petitions, the petition becomes moot when the petitioner is no longer "in custody," unless they can identify continuing collateral legal consequences from the conviction or sentence. *See United States v. Bradford*, 194 F.2d 197, 200 (2d Cir. 1952) ("Not being in custody[, the Petitioner] Bradford was in no position to review the conviction by habeas corpus (that was indeed why we held that the question was moot)"); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (holding that a petition for habeas corpus is not moot where petitioner challenged the legitimacy of his conviction, and "[i]n consequence of his conviction, . . . he cannot vote . . . he cannot serve as a juror, [among other consequences]").

Here, Ms. Carter specifically sought "immediate release or immediate placement in Home Confinement or Half Way House." Petition at 1. She did not challenge the validity of her conviction, nor identify any collateral legal consequences that create a live case or controversy. *Cf. United States v. Juvenile Male*, 564 U.S. 932, 932 (2011) ("When the defendant challenges his underlying conviction, this Court's cases have long presumed the existence of collateral consequences. But when a defendant challenges only an expired sentence, no such presumption applies, and the defendant must bear the burden of identifying some ongoing 'collateral consequence' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" (internal citations omitted) (cleaned up)).

Thus, her release following the grant of the executive clemency and commutation of her sentence has rendered her petition moot. *See, e.g.*, *Denis v.. DHS/ICE of Buffalo, New York*, 634 F. Supp. 2d 338, 341 (W.D.N.Y. 2009) ("Because the only relief sought by Denis, and obtainable from this Court, was release from DHS custody, Denis' habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention."); *United States v. Orange,* No. 24-12449, 2025 WL 1513175, at * 1 (11th Cir. May 28, 2025) ("Orange did not challenge his conviction or term of supervised release in his motion for sentence reduction. He similarly did not challenge his conviction or supervised release in his appellate brief. Nor did he identify an ongoing collateral consequence traceable to his term of imprisonment in response to the jurisdictional question. As a result, this appeal [of denial of habeas relief] relates only to a term of imprisonment from which Orange has been released, meaning it is moot.").

Accordingly, the petition for habeas corpus will be dismissed as moot.

## III.   CONCLUSION

For the foregoing reasons, the petition is **DISMISSED** as moot.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 27th day of June, 2025.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden　　　　　
　　　　　　　　　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　　　United States District Judge